## W. H. WADDILL V. THE STATE.

1. On an indictment for an assault with intent to murder, the jury returned a verdict of "guilty of aggravated assault," and assessed a fine of $250 as the penalty; and there was judgment below in accordance with the verdict. The defendant, relying on Slaughter v. The State, 24 Texas, 410, moved in arrest, on the ground that the verdict did not support the judgment; and the same ground is relied on in this court. *Held*, that the verdict in this case is special, not general, and the case cited does not apply—wherefore the judgment below is affirmed.

APPEAL from Davis. Tried below before the Hon. C. T. Garland.

The facts are stated in the head note.

*Culberson*, for the appellant.—It is submitted that the motion in arrest of judgment should have been sustained. Article 3095, Crim. Pro., provides that when a prosecution is for an offense consisting of different degrees, the jury may find the defendant not

guilty of the higher degree, naming it, but guilty of any degree inferior to that charged in the indictment.

An assault with intent to murder, is an offense consisting of different degrees. (Art. 3091, Crim. Pro.; Art. 2160, Crim. Code, Paschal's Digest.)

The jury did not find the defendant *not guilty* of the charge in the indictment, *naming it*, and therefore the verdict finding him guilty of an inferior degree of the offense charged is not in accordance with law, and is insufficient to support a judgment of conviction.

It may be assumed that the jury, by finding the defendant guilty of an aggravated assault, intended to negative his guilt of the *higher*, or the offense charged in the indictment; but such intendment cannot be looked to in order to ascertain what the jury meant by their finding. (Slaughter v. State, 24 Tex., 410; Paschal's Digest, Art. 3091 and note.)

*E. B. Turner*, Attorney General, for the State.

WALKER, J.—In Slaughter v. The State, 24 Texas R., 410, the verdict, upon an indictment for murder, was "guilty," and the punishment assessed was adequate only for an offense of a minor degree.

The court say: "On an indictment for an offense divided into different degrees, a general verdict of guilty, assessing a penalty applicable only to one of the inferior degrees, and which does not find the defendant *not guilty* of the higher degrees, is insufficient to support a judgment of conviction; and is ground to arrest the judgment."

In the present case the verdict was not general but special, and the punishment determined by the jury was the proper punishment for the guilt of the defendant, as found by them. It cannot, therefore, afford ground for arresting the judgment. The judgment is affirmed and cause remanded.

Affirmed.